■ OSCAR APPEL et al., Respondents, v. RHODA ROOT, Appellant.— In an action to recover damages for personal injury, defendant appeals from a resettled order of the Supreme Court, Kings County, dated July 11, 1962, which granted plaintiffs' motion for summary judgment and directed an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. Plaintiffs were passengers in an automobile owned and operated by defendant. It appears, without dispute, that defendant brought the vehicle to a stop to permit her husband to alight in order to purchase a newspaper; that she kept the motor running and the car in gear; and that when he re-entered the car it suddenly shot forward because defendant's foot evidently slipped from the brake to the accelerator. It also appears, without dispute, that the automobile proceeded about a quarter of a block and collided with a parked car; that defendant at no time applied either the foot brake or the emergency brake; and that she "panicked" and "did not know what to do" and was looking down for the emergency brake when the accident occurred. While summary judgment may not be warranted merely because the driver's foot slipped from the brake to the accelerator (cf. *Feldman* v. *Lashine,* 10 N Y 2d 964), that is not the only evidence of negligence in the instant case. In our opinion, on the undisputed proof as to the manner in which defendant operated her motor vehicle after its initial sudden start, the inference of negligence is inescapable and there is no triable issue as to liability (cf. *Gerard* v. *Inglese,* 11 A D 2d 381). Christ, Brennan and Rabin, JJ., concur; Ughetta, Acting P. J., and Kleinfeld, J., dissent and vote to reverse the order and deny the motion, with the following memorandum: Ordinarily we would have been inclined to concur with the majority for the granting of summary judgment. Here, however, we have an unusual family situation which requires the denial of summary judgment. The record discloses that the four plaintiffs and the defendant are closely related by blood and marriage. The plaintiff Leonard Potash is the defendant's brother; the plaintiff Arline Potash is Leonard's wife; and the plaintiffs Oscar Appel and Rae Appel are Arline's parents. We may take judicial notice of the fact that the defendant is insured, as required by law; that she is represented by the insurance company's attorney; and that any resulting judgment will be paid by the insurance company. If it be assumed, as we may on this motion, that upon the trial the proof adduced will disclose the relationship of the parties and that the defendant's attorney may well elect to bring to light the other facts mentioned, then an issue of fact will immediately arise, as indeed it now does: (a) with respect to the credibility of the defendant's confession or admission of fault on her part, and (b) with respect to the existence of collusion (if any) among all the parties for the purpose of fastening the ultimate liability on the insurance company. The realistic fact cannot be ignored that under these circumstances the defendant is testifying against the insurance company rather than against herself. Hence, her testimony or her admission cannot be accepted at face value; her credibility

must be weighed and determined by the jury (or other trier of the facts) in the light of all the proof adduced.